# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 10, 2016 Session

## DALE J. MONTPELIER, ET AL. v. HERBERT S. MONCIER, ET AL.

**Appeal from the Circuit Court for Knox County**

**No. 3-554-15     Deborah C. Stevens, Judge**

---

**No. E2016-00246-COA-R3-CV-FILED-JUNE 1, 2017**

---

D. MICHAEL SWINEY, C.J., dissenting.

I respectfully dissent from the majority's opinion in this case. I disagree with the majority's conclusion that "the complaint fails to state a cause of action for abuse of process." Applying the appropriate standard of review as correctly articulated by the majority, I believe the complaint does state a claim upon which relief can be granted as to the abuse of process claim.

*Givens v. Mullikin, ex rel. McElwaney,* 75 S.W.3d 383 (Tenn. 2002), controls our resolution of this appeal and requires a reversal of the Trial Court. In *Givens*, the underlying conduct allegedly constituting an abuse of process was a party's conduct during discovery. That difference from this case where claimed improper use of Rule 11 is alleged, however, is immaterial, and both the reasoning and the holding of *Givens* are equally as applicable to this factual situation. Under *Givens*,

> a plaintiff must establish by evidence two elements to recover for abuse of process: " '(1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge.' "

*Id.* at 400-01 (citations omitted).

I agree with the majority that applying the appropriate standard of review, the complaint "met the pleading requirement that Moncier had an ulterior motive." Where I part ways with the majority is its determination that the second element of abuse of process was not met when the majority holds that "we find no such improper use of the court's authority."

*Givens* involved an alleged abuse of discovery involving the Defendant's "use of discovery subpoenas, depositions, and interrogatories." *Id.* at 402. In the case now before us, the complaint's allegations concern alleged misuse by Moncier of Rule 11. The Rule 11 allegations are, I believe, equivalent for our analysis to the alleged misuse of discovery in *Givens*. We are not called upon at this time to determine whether or not Plaintiff's complaint as to abuse of process is valid, only whether or not it withstands a motion to dismiss. Just as our Supreme Court held in *Givens* that the "abuse of process in the civil discovery context may lie when . . . (2) the use of that process cannot otherwise be said to be for the 'legitimate or reasonably justifiable purposes of advancing [the party's] interests in the ongoing litigation' " *Id.* at 402, the complaint sufficiently alleges that Moncier's use, and specifically the manner of his use of Rule 11 of the Tennessee Rules of Civil Procedure, was not done for legitimate or reasonably justifiable purposes of advancing his clients' litigation but instead for improper purposes by using it as a threat all while removing any risk to Moncier of having attorney fees awarded to the other parties if the Rule 11 had been filed with and denied by the Trial Court.[1]

As I believe the complaint contains sufficient allegations to withstand a motion to dismiss as to the abuse of process claim, I would reverse the Trial Court's dismissal of the case on that claim. I would remand the case to the Trial Court for further proceedings.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

[1] Not before this Court at this time is the question of whether or not Moncier's alleged procedure of serving a Rule 11 motion on opposing counsel but not filing it, if at all, as stated by the Trial Court, "until the actual Court involved in the action rules on the underlying matter. . ." complies with Rule 11. Whether Rule 11 allows this procedure to be followed which in effect removes or at least greatly lessens the possibility as provided by Rule 11 for the party opposing an unsuccessful Rule 11 motion to have attorney fees and reasonable expenses awarded against the movant is a question that must wait for another day.